**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE, )
)
)
)
v. )
)
BENJAMIN BAFFONE, )    Cr. A. No. 1704015022
)
Defendant. )
)
)
)
)
)

Date Submitted: October 17, 2017
Date Decided: October 23, 2017

On Defendant Benjamin Baffone's Motion to Suppress. **DENIED**.

## **ORDER**

William L. Raisis, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Brett Hession, Esquire, Wilmington, Delaware, Attorney for Defendant.

**SCOTT, J.**

## Finding of Fact

On April 21, 2017 Defendant was driving a vehicle eastbound on Route 2 in Wilmington, Delaware. At approximately 11:00 p.m., Corporal Ripple of the Delaware State Police was driving eastbound on Route 2 behind Defendant's vehicle. Corporal Ripple testified that he followed and observed Defendant's vehicle and he saw Defendant's vehicle swerve twice. After observing this, Corporal Ripple activated his MVR. The MVR shows Defendant's car driving in front of Corporal Ripple's patrol vehicle, and Defendant's vehicle weaves within the lane. Corporal Ripple continued to follow Defendant and saw Defendant's vehicle almost collide with another vehicle as Defendant changed lanes. In addition, Corporal Ripple observed Defendant's vehicle cross the right fog line after he made the lane change. This is evidenced on the MVR at approximately 0:27 to 0:42 seconds. Additionally, Corporal Ripple testified that Defendant did not use his turn signal the required 300 feet before turning into the McDonald's parking lot, which was depicted in the MVR at approximately 0:46 seconds. Subsequently, Corporal Ripple stopped Defendant in the McDonald's parking lot.

## Discussion

The only issue on this Motion is the legality of the stop. The Fourth Amendment to the United States constitution "guarantees 'the right of the people to

2

be secure in their persons, houses, papers and effects, against unreasonable searches and seizures'."[1]

> When law enforcement directs a driver to stop her car, the State has "seized" the car and its occupants, and the protections of the Fourth Amendment apply. But it is only those searches and seizures that are "unreasonable" that run afoul of the Fourth Amendment. In the traffic stop context, under established law since *Terry v. Ohio*, a seizure is reasonable when a law enforcement officer conducts a brief investigatory traffic stop based on reasonable and articulable suspicion of criminal activity.[2]

In the traffic stop context, "[r]easonable articulable suspicion of criminal activity includes not just traffic offenses, but criminal activity such as drunk driving."[3] The court looks at the "reasonableness of the officer's suspicion of criminal activity," and the facts are "judged against an objective standard: would the facts available to the officer at the moment of the seizure or the search warrant a [person] of reasonable caution in the belief that the action taken was appropriate?"[4] However, under Delaware law "the court can also 'combin[e] objective facts with such an officer's subjective interpretation of those facts'."[5] To determine if there was reasonable articulable suspicion of criminal activity, the court looks at the totality of the

---

[1] *West v. State*, 143 A.3d 712, 715 (Del. 2016).
[2] *Id.* at 716
[3] *Id.*
[4] *Id.*
[5] *Id.*

3

circumstances and "the factual and practical considerations of everyday life on which reasonable and prudent [people], not legal technicians, act."[6]

Corporal Ripple had reasonable articulable suspicion that Defendant was driving under the influence. "Although weaving within a lane by itself may be insufficient to establish reasonable suspicion of impaired driving,"[7] Corporal Ripple observed Defendant's vehicle swerve twice before his MVR started recording. Additionally, as shown in the MVR and through Corporal Ripple's testimony, Defendant and another vehicle came close to colliding when Defendant executed a lane change. After completing the lane change Defendant's vehicle crosses the right fog line. Almost immediately afterwards, Defendant turned into the McDonald's parking lot without activating his turn signal 300 feet prior as required by Delaware law. Looking at the totality of the circumstances, these facts created a reasonable articulable suspicion to stop Defendant's vehicle.

Accordingly, Defendant Benjamin Baffone's Motion to Suppress is hereby **DENIED.**

**IT IS SO ORDERED.**

Judge Calvin L. Scott, Jr.

cc:    Prothonotary

---

[6] *West*, 143 A.3d at 717.
[7] *Id.*